CSENSICH, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF
OHIO ET AL., APPELLEES.

[Cite as Csensich v. Pub. Util. Comm. (1973),
35 Ohio St. 2d 187.]

(No. 72-765—Decided July 18, 1973.)

188

*Mr. Paul H. Torbet* and *Mr. Glen B. Morgan*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. Keith F. Henley* and *Mr. Barth E. Royer*, for appellee Public Utilities Commission.

*Mr. Lee C. Howley, Mr. Donald H. Hauser, Mr. Victor F. Greenslade, Jr.*, for appellee Cleveland Electric Illuminating Company.

*Per Curiam.* The Public Utilities Commission bases its dismissal upon the ground that:

"* * * The pertinent sections of the Ohio Revised Code, Section 4905.65 and 4933.16, do not grant this commission the authority to regulate the location of electrical transmission facilities, *State, ex rel. Kearns,* v. *Ohio Power Co.,* 163 Ohio St. 451. Hence the commission, being a creature of statute with no jurisdiction over matters not expressly provided by statute has no jurisdiction to hear

and determine this complaint." If that jurisdictional determination by the commission is correct we need go no further in affirming the action of the commission.

R. C. 713.21 is a general statute providing for the organization of regional planning commissions. The powers and duties of these commissions are set out in R. C. 713.23, which provides, in pertinent part:

"(B) The duties of the planning commission include but are not limited to:

"(1) Preparing the plans, including studies, maps, recommendations, and reports on:

"* * *

"(d) The general land, water, and air transportation systems, and utility and communication systems;

"* * *

"(4) Contracting with and providing planning assistance to other units of local government, councils of governments, planning commissions, and joint planning councils; coordinating the planning with neighboring planning areas; cooperating with the state and federal governments in coordinating planning activities and programs in the region."

R. C. 713.25 confers on municipalities and county commissioners the power to adopt the certified plans of the planning commissions with respect to areas under their control.

In *State, ex rel. Kearns,* v. *Ohio Power Co.* (1955), 163 Ohio St. 451, 455, the utility argued "* * * that the powers conferred by law on such agencies extend only to matters of local concern; and that such agencies are without authority to control respondent as a public utility of widespread proportions in the exercise of its powers of eminent domain or in the acquisition and use of rights of way in the planned territory." The court decided that R. C. 713.23 and 713.25 are sufficiently broad to include a public utility like Ohio Power. The court then decided that if the action of the board of county commissioners were unfavorable the utility could appeal to the Court of Common Pleas.

The general import of those sections, coupled with the

language of R. C. 4933.16 dealing with municipal control of electricity, make clear the intent of the General Assembly that determinations dealing with public safety be made initially on the local level.

In this case, appellant argues that R. C. 4905.65 makes ineffective the above-cited statutes and case, and gives jurisdiction to the commission.

R. C. 4905.65 states, in pertinent part:

"(B) To the extent permitted by existing law a local regulation may reasonably restrict the construction, location, or use of a public utility facility, unless the public utility facility:

"(1) Is necessary for the service, convenience, or welfare of the public served by the public utility in one or more political subdivisions other than the political subdivision adopting the local regulation; and

"(2) Is to be constructed in accordance with generally accepted safety standards; and

"(3) Does not unreasonably affect the welfare of the general public.

"Nothing in this section prohibits a political subdivision from exercising any power which it may have to require, under reasonable regulations not inconsistent with this section, a permit for any construction or location of a public utility facility proposed by a public utility in such politicial subdivision."

That portion of R. C. 4905.65, quoted above, clearly provides an exception to the powers and authority granted by R. C. 713.23 and 713.25. However, since the very question raised here is the effect of the proposed construction on the "welfare of the general public," and since the duties of the various planning commissions include "cooperating with the state and federal governments in coordinating planning activities," the proper forum for these discussions and determinations is on the local level.

This decision is not in conflict with *Cleveland Electric Illuminating Co.* v. *Painesville* (1968), 15 Ohio St. 2d 125. In that case, the city agreed that the utility met the require-

ments of R. C. 4905.65, whereas, here, the utility's compliance with that statute is in issue.

The dismissal order of the Public Utilities Commission is neither unreasonable nor unlawful.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.